IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **KENYARDA DAMOND FRANKLIN,**      )<br>    **Petitioner,**           )<br>                          )<br>**v.**                        )<br>                          )<br>**TODD R. CRAIG,**                  )<br>**Warden, FCI Beckley,**            )<br>    **Respondent.**          ) | **CIVIL ACTION NO. 5:08-0312** |

## PROPOSED FINDINGS AND RECOMMENDATION

On May 14, 2008, Petitioner, an inmate incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] improperly calculated his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## PROCEDURE AND FACTS

Petitioner was arrested by federal authorities on January 6, 2004, and released on bond on January 16, 2004. United States v. Franklin, Criminal No. 2:04-80028 (E.D.Mi. Nov. 22, 2005), Document Nos. 3 and 4. On August 5, 2004, Petitioner was arrested by Michigan State authorities and held in State custody. (Document No. 1, p. 35.) On November 8, 2004, the Eastern District of Michigan entered an "Order of Detention Pending Trial" that indicated the Order was issued

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"11/08/04 Nunc Pro Tunc 8/6/04." United States v. Franklin, Criminal No. 2:04-80028, Document No. 22. On December 15, 2004, Petitioner was sentenced to 2 years on his State charges. (Document No. 1, p. 3.) On January 21, 2005, the Eastern District of Michigan entered a Writ of Habeas Corpus Ad Prosequendum directing the Warden at the Wayne County Jail to produce Movant for his plea hearing scheduled for January 28, 2005. United States v. Franklin, Criminal No. 2:04-80028, Document No. 24. On January 28, 2005, Petitioner pled guilty in the Eastern District of Michigan to one count of being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1); one count of possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a); and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). On November 22, 2005, Petitioner was sentenced in the Eastern District of Michigan to a term of "70 months on Counts 1, 2, and 60 months on Count 3 to run consecutively; Counts 1 - 3 are to be concurrent to MDOC sentence under Docket No. 04-8661." Id., Document No. 45. Petitioner did not appeal his conviction or sentence. On August 28, 2007, Petitioner filed a Motion to Amend or Correct Judgment. Id., Document No. 46. By Order entered on September 12, 2007, the Eastern District of Michigan granted Petitioner's Motion to Amend or Correct Judgment and entered an Amended Judgment reflecting the additional language that "the defendant was in federal custody beginning August 6, 2006." Id., Documents Nos. 49 and 50.

On September 19, 2007, Petitioner unsuccessfully sought Informal Resolution of his claim for prior custody credit from December 15, 2004, through November 22, 2005. (Document No. 1, p. 31.) On October 2, 2007, Petitioner submitted a Request for Administrative Remedy (Remedy No. 470017-F1) to the Warden of FCI Beckley. (Id., pp. 33 - 34.) The Warden denied Petitioner's

request on October 25, 2007.[2] (Id., p. 32.) On December 18, 2007, Petitioner appealed to the Regional Director of the Bureau of Prisons, Mid-Atlantic Region (Remedy No. 470017-R2). (Id., pp. 36 - 37.) The Regional Director denied Petitioner's appeal on January 31, 2008.[3] (Id., p. 35.) On

---

[2] T.R. Craig, Warden of FCI Beckley, stated as follows (Document No. 1, p. 32.):

> Our review reveals you were in primary custody of the Michigan Department of Corrections when you were sentenced on November 22, 2005, in the Eastern District of Michigan, to a term of "70 months on Counts 1, 2 and 60 months on Count 3 to run consecutively; Counts 1-3 are to be concurrent to MDOC sentence under Docket No. 04-8661." An Amended Order was issued on September 12, 2007, to reflect the additional language to the term of imprisonment which states, "the defendant was in federal custody beginning August 6, 2004."
>
> Prior custody credit in the amount of 143 days was applied to the federal sentence to reflect the initial arrest on January 6, 2004, and release on bond January 16, 2004. You were re-arrested on August 5, 2004, by local authorities and held continuously until sentenced on December 15, 2004, to a term of two (2) years custody. Prior custody credit was also applied to federal sentence to reflect credit from August 5, 2004, to December 14, 2004, the day before the state sentence was imposed. As the federal sentence was ordered concurrent to the state, your federal sentence began on November 22, 2005, the date of imposition.
>
> The period of time you contend should be applied to the federal sentence as prior custody credit, December 15, 2004 to November 22, 2005, is the time period serving the active state sentence. Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), states under credit related to 18 U.S.C. § 3585(b)(1), "credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign."

[3] K.M. White, Regional Director of Mid-Atlantic Region, stated as follows (Document No. 1, p. 35.):

> A review of your sentence computation reveals that you have received jail credit from January 6, 2004, through January 16, 2004. You also received credit from August 5, 2004, through December 14, 2004. This credit was awarded as the result of your federal sentence running concurrent with your state sentence and the Raw Effective Full Term Date of the Federal sentence exceeded the Raw effective Full Term Date of the state sentence. These credits are known as Willis time credit (Willis v. U.S., 9 F.2d 923 (CA 5, 1971). Credit from December 15, 2004, was time spent in service of your state sentence and is not applicable.

3

February 25, 2008, Petitioner appealed the denial to the Central Office (Remedy No. 470017-A1). (Id., pp. 39 - 40.) The Central Office denied Petitioner's appeal on April 15, 2008.[4] (Id., p. 38.)

On January 25, 2008, Petitioner filed his instant Application under 28 U.S.C. § 2241, in which he challenges the BOP's computation of his sentence and his receipt of prior custody credit. (Document No. 1.) Petitioner contends that he is entitled to credit for time spent in custody beginning on December 15, 2004, the date of his State sentence in Docket No. 04-8661, and ending on November 22, 2005, when the BOP began computation of his federal sentence for Criminal Action 2:04-80028. (Id., pp. 7 - 13.) Petitioner acknowledges that "the BOP begins Petitioner's sentence computation . . . on November 22, 2005, the date the court sentenced him [and] the BOP credits Petitioner for time served in jail for two periods: January 6, 2004 (the date of his federal arrest) to January 16, 2004 (the date he was released on bond) and August 5, 2004 (the date of his State arrest) until December 14, 2004 (the date he was sentenced to the State's charges). (Id., p. 12.)

First, Petitioner argues that his federal sentence commenced on August 6, 2004. Petitioner contends that pursuant to 18 U.S.C. § 3585(a), "his [federal] sentence began August 6, 2004, the day

---

[4] Harrell Watts, Administrator of National Inmate Appeals, stated as follows (Document No. 1, p.38.):

> Staff applied 143 days of custody credit. The ten days applied from January 2004 were pursuant to 18 U.S.C. § 3585(b)(1). The remaining 133 days were applied after analyzing the full term dates of both sentences and determining if you derived a benefit of the credit applied by the state. This credit was pursuant to the decision in Willis v. U.S. Because your state sentence was absorbed within the federal sentence, you did not effectively gain benefit of the credit. As such, credit was applied for time spent in on-federal presentence custody which began on or after the date of the federal offense and up to the date the first sentence began, regardless of the jurisdiction which imposed it.

4

he was in federal custody." (Id., p. 6.) Petitioner explains that his "federal sentence was ordered to run concurrently to MDOC sentence under Docket No.: 04-8661." (Id., p. 8.) Second, Petitioner claims that he is entitled to pre-sentence custody credit against his federal sentence from August 6, 2004, to November 22, 2005. (Id., pp. 8 - 9.) Petitioner alleges that "his arrest by the State of Michigan on August 5, 2004, occurred after he commenced his federal offenses, and thus § 3585(b)(2) was fulfilled." (Id., p. 8.) Petitioner points out that "an Order of Detention Pending Trial was issued on November 8, 2004, nunc pro tunc August 6, 2004." (Id.) Third, Petitioner argues that he is entitled to "jail time credit awarded in concurrent state and federal sentences." (Id., p. 10.) Citing Kayfez v. Gasele, 993 F.2d 1288, 1289 - 90 (7th Cir. 1993), Cozine v. Crabtree, 15 F.Supp.2d 997, 1023(D.Or. 1998), United States v. Smith, 318 F.Supp.2d 878 (C.D.Cal. 2004), United States v. Benefield, 942 F.2d 60 (1st Cir. 1991), United States v. Drake, 49 F.3d 1438 (9th Cir. 1995), and United States v. Kiefer, 20 F.3d 874, 877 (8th Cir. 1994), Petitioner claims that "under § 3585(b) a defendant serving concurrent state and federal sentences is entitled to pre-sentence custody credit against his federal sentence for all of his pre-sentence incarceration, whether in federal or state custody, if the state custody resulted from convictions of an offense that occurred after the commission of the federal offense." (Id., pp. 9 - 11.) Finally, Petitioner asserts that "[t]he U.S. District Court has issued three orders that establish Petitioner's right to credits for time served regarding the instant case, beginning August 6, 2004: [1] the Nunc Pro Tunc Order on November 8, 2004; [2] the court's order that the instant sentence run concurrent with the State of Michigan sentence; and [3] the Order Granting Motion to Correct the Record, which Petitioner filed so that the Honorable Avern Cohn could amend this Judgment in a Criminal Case to reflect pre-sentence jail credit, which the Honorable Avern Cohn did on September 12, 2007." (Id., pp. 12 - 13.)

Petitioner attaches the following documents as Exhibits: (1) Copy of the Order of Detention Pending Trial entered by the United States District Court for the Eastern District of Michigan (Id., p. 19.); (2) Copy of the Order Granting Motion to Correct the Record entered on September 12, 2007, by the United States District Court of the Eastern District of Michigan (Id., pp. 20 - 21.); (3) Copy of the Amended Judgment entered on September 12, 2007, by the United States District Court of the Eastern District of Michigan (Id., pp. 22 - 26.); (4) Copy of a Notice of Electronic Filing from the United States District Court of the Eastern District of Michigan (Id., p. 27.); (5) Copy of the Government's Response to Defendant's Motion to Correct the Record filed in the United States District Court of the Eastern District of Michigan (Id., pp. 28 - 30.); (6) Copy of Petitioner's Informal Request for Administrative Remedy dated September 17, 2007 (Id., p. 31.); (7) Copy of Warden Craig's Response to Petitioner Administrative Remedy Request dated October 25, 2007 (Id., p. 32.); (8) Copy of Petitioner's Request for Administrative Remedy dated October 2, 2007 (Id., pp. 33 - 34.); (9) Copy of the Regional Administrative Remedy Appeal dated Jan 31, 2008 (Id., p. 35.); (10) Copy of Petitioner's Regional Administrative Remedy Request dated November 1, 2007 (Id., pp. 36 - 37); (11) Copy of the Administrator of National Inmate Appeals' Response dated April 15, 2008 (Id., p. 38.); (12) Copy of Petitioner's Central Office Administrative Remedy Appeal dated February 25, 2008 ( Id., pp. 39 - 40); and (13) Copy of Petitioner's "Sentence Monitoring Computation Data as of 08-13-2007" (Id., pp. 41 - 43.)

## ANALYSIS

Essentially, Petitioner contends that he is entitled to credit for time spent in custody beginning on December 15, 2004, the date of his State sentence in Docket No. 04-8661, and ending on November 22, 2005, when the BOP began computation of his federal sentence for Criminal

Action 2:04-80028. The authority to calculate a federal prisoner's period of incarceration of the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. See United States v. Wilson, 503 U.S. 329, 334 - 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). In addressing any sentencing computation issue, a District Court must consider: (1) when the sentence commenced; and (2) the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence. Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa.), affd, 100 F.3d 946 (3d Cir. 1996).

      A.      **Petitioner's sentence did not commence until November 22, 2005.**

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence, however, cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served. Miramontes v. Driver, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence); United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal

7

sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served"). Although the District Court ordered that Petitioner's federal sentence in Criminal Action 2:04-80028 was to run concurrently with his State sentence in Docket No. 04-8661, Petitioner's sentences may not run fully concurrently. Therefore, the undersigned finds that Petitioner's sentence in Criminal Action No. 2:04-80028 could not commence prior to the date of its imposition on November 22, 2005.

### B. Petitioner is not entitled to prior custody credit.

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). Notwithstanding the limitation imposed under Section 3585(b), the Fifth Circuit indicated that a

petitioner was entitled to time spent in pre-sentence State custody that was attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971)(finding that where a petitioner "was denied release on bail [by the State] because the federal detainer was lodged against him, then that was time spent in custody in connection with the [federal] offense). In Kayfez v. Casele, 993 F.2d 1288 (7th Cir. 1993), the Seventh Circuit found a petitioner serving a concurrent State and federal sentence was entitled to credit against his federal sentence for all of his pre-sentence incarceration even though the pre-sentence time had already been credited against his State sentence. Kayfez v. Casele, 993 F.2d 1288, 1290 (7th Cir. 1993)(recognizing that by approving "*Willis* time," the BOP often permits what amounts to a form of "double credit" despite the language in Section 3585(b)). The Seventh Circuit, however, acknowledged the limits of its holding in Kayfez by finding that its decision does not require federal pre-sentence credits for time served after the commencement of a separate State sentence. Grigsby v. Bledsoe, 223 Fed.Appx. 486, 489 (7th Cir. 2007)(finding that defendant's reliance upon Kayfez was misplaced because "the time for which he seeks credit is not '*Willis* time' because it was not time spent in non-federal *presentence* custody").

      In the instant case, the Court finds that Petitioner properly received pre-sentence credit against his federal sentence for the following time periods: (1) From January 6, 2004 (the date of federal arrest) to January 16, 2004 (the date of release on bond); and (2) From August 5, 2004 (the date of State arrest) to December 14, 2004 (the date of imposition of State sentence). Similar to the petitioner in Grigsby, Petitioner's reliance upon Kayfez is misplaced because the time he is seeking credit for is not "*Willis* time."[5] See Grigsby, 223 Fed.Appx. at 489. Petitioner is seeking federal

---

[5] The undersigned notes that pursuant to *Willis*, the BOP granted Petitioner credit for August 5, 2004, through December 14, 2004.

credit for time served after the commencement of his State sentence, but before the imposition of his federal sentence. Petitioner received credit towards his State sentence for the time period of December 15, 2004, through November 22, 2005. The BOP may not grant prior custody credit for time that has been credited against another sentence. See DeJesus v. Zenk, 2010 WL 1141395 (3rd Cir. Mar. 25, 2010)(slip copy)(stating "that the reasoning in the '*Willis/Kayfez* line of cases' does not permit federal credit for time served 'after the state sentence was imposed but before the federal sentence was pronounced'"), citing Rios v. Wiley, 201 F.3d 257, 273 n. 13 (3rd Cir. 2000); United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to federal credit for December 15, 2004, through November 22, 2005.

The remaining cases relied upon by Petitioner fail to support his argument that he is entitled to federal credit for time served after the commencement of his State sentence, but before the imposition of his federal sentence. In Benefield, Smith, and Crabtree, the Courts address the issue of awarding *pre-sentence* credit. See United States v. Benefield, 942 F.2d 60 (1st Cir. 1991)(stating that "[w]hile we appreciate that multiple credit for the same period of presentence incarceration is prohibited under certain circumstances . . . an across-the-board prohibition under all circumstances would lead to illogical results"); United States v. Smith, 318 F.Supp.2d 875 (C.D.Cal. 2004)(Although the Court recognized that a defendant serving a concurrent State and federal sentence is entitled to pre-sentence custody credit against his federal sentence for all of his pre-

10

sentence incarceration, there was "no allegation or no evidence" that the pre-sentence time that was in issue had been credited towards another sentence); and Cozine v. Crabtree, 15 F.Supp.2d 997, 1023 (D.Or. 1998)(although the Court cited the Kayfez case, the Court deferred a ruling on the credit for time served finding the issue to be moot). In Kiefer and Drake, the defendants challenged on direct appeal the District Courts' failure to reduce their federal sentences pursuant to United States Sentencing Guideline § 5G1.3. See United States v. Kiefer, 20 F.3d 874, 877 (8th Cir. 1994)(finding that the District Court "erred in stating that it had no discretion under § 5G1.3(b) to reduce [defendant's] mandatory minimum sentence for the time he served in State prison as a result of the same course of conduct"); United States v. Drake, 49 F.3d 1438 (9th Cir. 1995)(citing Kiefer, the Court found that "in appropriate circumstances time served in custody prior to the commencement of the mandatory minimum sentence is time 'imprisoned' for purposes of § 924(e)(1)"). To the extent Petitioner is claiming that his sentence should have been reduced pursuant to Guideline Section 5G1.3, the undersigned finds his claim to be without merit. A claim challenging the validity of his sentence must be raised on direct appeal or in a Section 2255 Motion.[6] Accordingly, the undersigned finds that Petitioner is not entitled to *habeas* relief and his Petition should be dismissed.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's

---

[6] Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. *In re Jones*, 226 F.3d at 332; *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), *aff'd*, 291 F.3d 257 (4th Cir. 2001), *cert. denied*, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002).

Application (Document No. 1.) with prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby FILED, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se.*

Date: May 18, 2010.

R. Clarke VanDervort
United States Magistrate Judge