IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KENYARDA DAMOND FRANKLIN,

           Petitioner,

v.                                             CIVIL ACTION NO.  5:08-cv-00312

T. R. CRAIG,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's application for 28 U.S.C. § 2241 relief and the attachments thereto [Docket 1], filed May 14, 2008.  By Standing Order [Docket 2] entered on May 14, 2008, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of Proposed Findings and Recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636.  On May 18, 2010, the Magistrate Judge submitted findings of fact and recommended that the Court deny Petitioner's application with prejudice and remove this matter from the Court's docket [Docket 9].  Petitioner filed his objections to the PF&R on July 2, 2010.

Rule 4 of the Rules Governing Habeas Cases "requires the district courts to examine each habeas petition, and 'if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition' without requesting an answer from the respondent." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 n.11 (4th Cir. 2006) (citing 28 U.S.C. foll. § 2254)(applicable in § 2241 cases by virtue of Rule 1(b)). This

Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

The background of this petition is more fully set forth in the PF&R. Petitioner is an inmate at FCI Beckley in Beaver, West Virginia, with a projected release date of December 9, 2014. He was arrested on federal charges on January 6, 2004, and released on bond on January 16, 2004. He was arrested by Michigan State authorities on August 5, 2004. The district court for the Eastern District of Michigan entered an Order of Detention Pending Trial on November 8, 2004, declaring Petitioner to have been federally detained as of August 6, 2004, nunc pro tunc. He was sentenced on his state charges on December 14, 2004, to two (2) years in state custody. He was sentenced on his federal charges on November 22, 2005, to one hundred thirty (130) months, to be served concurrently to his state sentence.[1] He was given credit against his federal sentence for the ten (10)

---

[1] Petitioner filed a motion in his federal case after he was sentenced, requesting the judge "correct" his judgment to reflect that he had been in federal custody since August 6, 2004. (continued...)

days he spent in custody before he was released on bond, January 6, 2004, to January 16, 2004. He was also given credit against his federal sentence for the time he spent in custody prior to his state court sentencing, August 6, 2004, through December 14, 2004. Petitioner now seeks credit for the eleven (11) months he spent in custody between his state court sentencing and his federal court sentencing, December 15, 2004, through November 22, 2005.

Petitioner sought resolution of his claims through the Bureau of Prisons ("BOP") administrative process. He filed an informal resolution form on October 2, 2007, which was denied on October 25, 2007. He appealed that denial to the Warden, to the Regional Director and to the Central Office to no avail. The Bureau of Prisons explained that 18 U.S.C. § 3582(b) governs the application of credit to a sentence, and that statute prohibits the credit he seeks because it includes time that was credited against his state sentence. He filed his application for relief on May 14, 2008, on the grounds that his federal sentence has been improperly computed, and on the grounds of ineffective assistance of counsel. In support of the latter grounds, Petitioner states that his attorney erred by not requesting that the sentencing court, "pursuant to § 5G1.3(b) [of the United States Sentencing Guidelines], downwardly depart from the 130 month sentence to a sentence reduced by 11 months, 7 days." (Pet. 18.)

---

[1](...continued)
Specifically, he requested that the judge set forth in his judgment that "defendant is to be credited with time served from 8/6/04 through 11/21/05." United States v. Franklin, Crim. No. 2:04-80028 (E.D. Mi. Nov. 22, 2005)(Docket 46). The judge granted Petitioner's motion, but only to the extent he amended the judgment to reflect that "Defendant has been in federal custody beginning August 6, 2004." (Docket 49, 50). Relevant to Petitioner's contentions relating to the intent of the federal sentence, the judge refused to assert that Petitioner was to receive credit for the time period he claimed.

In the PF&R, the magistrate judge found under 18 U.S.C. § 3585(a), Petitioner's federal sentence began on November 22, 2005. He further found that Petitioner is not entitled to prior custody credit for the time period he claims. Quoting 18 U.S.C. § 3582(b) and United States v. Wilson, 503 U.S. 329, 337 (1992), he stated that "a defendant [can] not receive double credit for his detention time." (PF&R 8.) He explained that Petitioner's federal credit ended when his state sentence commenced, because at that point his time in custody was spent serving his state sentence and 18 U.S.C. § 3582(b) only allows credit for time that has not been credited to another sentence. The magistrate judge further found that to the extent Petitioner claims his sentence should have been reduced pursuant to § 5G1.3(b) of the sentencing guidelines, such a claim is properly raised on direct appeal or in a Section 2255 motion.

Petitioner filed his Traverse Brief Setting Forth Objections and Arguments on July 2, 2010.[2] In his objections, he contends that his federal sentence began on August 6, 2004. (Objs. 2.) This contention is without merit. As the magistrate judge found, Petitioner was sentenced in federal court on November 22, 2005, and his sentence began on that date. Section 3583(a) of the United States Code, Title 18, states that "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "A federal sentence does not commence until the Attorney General receives the defendant into her 'custody' *for service of that sentence*." *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998) (emphasis added). That an order was entered one year before his federal sentence

---

[2]Petitioner incorrectly characterizes the magistrate judge's PF&R as the "Government's response" to his petition. The Government has not been directed to respond to Petitioner's claims.

was issued proclaiming Petitioner to have been in federal custody pending his trial as of August 6, 2004, does not alter the date he was committed to federal custody to commence the service of his sentence. He commenced service of his concurrent federal sentence on November 22, 2005, and the credit he received for time spent in custody prior to that date is governed under 18 U.S.C. § 3585(b).

> Section 3585(b) states,
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Petitioner contends in his objections that he meets the requirements of this statute for the entire time he spent in custody between August 6, 2004, and November 22, 2005. (Objs. 4.) This contention is also without merit. The BOP explained to him,

> The period of time you contend should be applied to the federal sentence as prior custody credit, December 15, 2004, to November 22, 2005, is the time period serving the active state sentence. Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), states under credit related to 18 U.S.C. § 3583(b)(1), "credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state or foreign.

(Pet. Ex. D, Warden Resp. to Request for Admin. Remedy.) Petitioner appears to contend that the BOP has only *presumed* that his time in custody following his state sentence and prior to his federal sentence was credited toward the service of his state sentence, and that he challenges this presumption. (Objs. 4-5.) However, Petitioner has not set forth any suggestion of evidence that the

time he spent in custody immediately following the imposition of his state sentence was not credited to his state sentence. Indeed, the documents he attaches to his petition tend to support the contrary, in that the BOP has determined on at least three occasions that he was in primary state custody serving his state sentence after the state sentence was imposed and before the federal sentence was imposed.

Inasmuch as Petitioner did not object to the magistrate judge's findings with respect to his claim that his sentence should have been reduced pursuant to § 5G1.3(b) of the sentencing guidelines, the Court declines to address those grounds of his petition.

For the reasons set forth above, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the Proposed Findings and Recommendation [Docket 9]. The Court **ORDERS** that Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 1] be **DISMISSED**. The Court further **ORDERS** that this matter be **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 30, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA